**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 24, 2022.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-22-00072-CR**

---

**IN RE TYRONE BERRY, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1654105**

---

## MEMORANDUM OPINION

On February 4, 2022, relator Tyrone  Berry filed a petition for writ of mandamus in this court.  *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52.  In the petition, relator asks this Court to compel the Honorable Amy Martin, presiding judge of the 263rd District Court of Harris County, to set a personal recognizance bond or reduce relator's bail.

Relator filed an application for writ of habeas corpus in the trial court for a reduction in his bond. Relator has included in the appendix to his petition notice from the Harris County District Clerk that the trial court had taken no action on his application for writ of habeas corpus. Relator further complains that his counsel has not approached the trial court about reducing relator's bail.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *Powell v. Hocker*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).

Relator is represented by counsel. A defendant is not entitled to hybrid representation, and, as a consequence, a trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel. *Jenkins v. State*, 592 S.W.3d 894, 902 n.47 (Tex. Crim. App. 2018). Moreover, in the absence of a right to hybrid representation, relator's pro se petition for writ of mandamus presents nothing for this court's review. *See Patrick v. State*, 906 S.W.3d 481, 498 (Tex. Crim. App. 1995); *Turner v. State*, 805 S.W.2d 423, 425 n.1 (Tex. Crim. App. 1991).

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Wise, Poissant, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).